[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10392

Non-Argument Calendar

_____

DONNA THOMAS,

                                        Plaintiff-Appellant,

*versus*

BLACK PEARL INVESTMENTS, LLC,
d.b.a. Massage Envy Spa Woodstock,
MALISSA CHAPMAN,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

2                          Opinion of the Court                        23-10392

D.C. Docket No. 1:21-cv-00318-JSA

_____

Before JORDAN, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Donna Thomas appeals the district court's September 6, 2022 entry of judgment and its December 2, 2022 order denying reconsideration of the judgment. Upon review of the record, the parties' responses to the jurisdictional question, and appellees Black Pearl Investments, LLC and Malissa Chapman's motion to dismiss Thomas's appeal as untimely, we GRANT the appellees' motion and DISMISS this appeal.[1]

First, Thomas's notice of appeal is not timely to appeal the September 6, 2022 judgment. Thomas's October 5, 2022 motion for reconsideration was untimely to toll the time to appeal the judgment. *See* Fed. R. App. P. 4(a)(4)(A), (iv) (providing that a timely-filed Federal Rule of Civil Procedure 59 motion tolls the appeal period); Fed. R. Civ. P. 59(e) (providing that a Rule 59 motion must be filed within 28 days after the entry of judgment). Accordingly, Thomas had until October 6, 2022, which was 30 days after the district court entered judgment, to appeal it. 28 U.S.C. §

---

[1] Thomas's motions for leave to file a response to the jurisdictional question out of time and re-submit her position regarding appellate jurisdiction are GRANTED. Her motion to correct the appendix is DENIED as moot.

23-10392                Opinion of the Court                3

2107(a); Fed. R. App. P. 4(a)(1)(A) (providing that a notice of appeal in a civil case must be filed within 30 days after entry of the judgment or order appealed from).  However, Thomas did not file her notice of appeal until February 2, 2023.

Second, Thomas's notice of appeal is untimely to appeal the district court's December 2, 2022 denial of her October 5, 2022 motion for reconsideration.  Her December 16, 2022 "Response to Order" did not effectively seek reconsideration of the December 2 order and thus did not toll the time to appeal that order.  *See* Fed. R. App. P. 4(a)(4)(A), (iv); Fed. R. Civ. P. 59(e); *Finch v. Vernon*, 845 F.2d 256, 258 (11th Cir. 1988).  Unlike Thomas's October 5, 2022 motion for reconsideration, her "Response to Order" was not styled as a motion for reconsideration, did not expressly state that she was moving for reconsideration, expressed her intent to appeal to a higher court, and did not ask the district court to do anything other than remove a statement from the record as explained in her motion for retraction.  Additionally, Thomas filed the "Response to Order" within the 14-day period that the December 2 order directed her to explain the relief she sought in her motion for retraction, and she addressed the retraction motion in her response.  Accordingly, because Thomas's "Response to Order" did not seek reconsideration of the district court's December 2 order denying reconsideration, it was not a tolling motion, and she had until January 3, 2023 to appeal from that order.  Because Thomas did not file her notice of appeal until February 2, 2023, it also is untimely to appeal from the December 2 order.

4                      Opinion of the Court                  23-10392

Accordingly, this appeal is DISMISSED as untimely.